# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DANIEL COSTA, individually and on behalf of all others similarly situated, | CLASS ACTION |
| *Plaintiff,* | Case No. _____ |
| vs. | JURY TRIAL DEMANDED |
| E-TELEQUOTE INSURANCE, INC., | |
| *Defendant.* _____/ | |

## CLASS ACTION COMPLAINT

1. Plaintiff, Daniel Costa ("Plaintiff"), brings this action against defendant E-Telequote Insurance, Inc. ("Defendant") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

## NATURE OF THE ACTION

2. Plaintiff's claims arise from violations of 47 U.S.C. § 227, *et seq*.

3. The TCPA was enacted to protect consumers from unsolicited and unwanted telemarketing calls like those alleged in this case.

4. Defendant offers a "concierge service for Medicare plan shopping" by assisting "consumers in finding and comparing Medicare plans, including reviewing benefits, checking networks for healthcare providers, and checking prescriptions against formularies."[1]

5. Upon information and belief, Defendant operates numerous websites that advertises Defendant's Medicare services, including for example, https://easymedicare.com/ and https://www.etelequote.com.

---

[1] *See* https://www.etelequote.com/who-we-are (last visited Sept. 15, 2022).

1

6. Over the course of two months, Defendant made numerous unauthorized telephone calls to Plaintiff's cellular telephone using an artificial and/or pre-recorded voice for the purpose of soliciting business from Plaintiff.

7. In order to advertise its services, Defendant places prerecorded telephone calls to consumers to tout the benefits of its Medicare health insurance offerings. However, many consumers, like Plaintiff, did not provide Defendant with the requisite consent to receive such calls, which is in violation of the TCPA by Defendant.

8. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, annoyance and disruption of the daily life of thousands of individuals nationwide. Plaintiff also seek statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

10. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff allege a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call placed in violation of the TCPA, which when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of federal jurisdiction and CAFA jurisdiction are present.

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant's state of incorporation is Florida (and it is headquartered within this District), and Defendant provides and markets its services

within this District thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, on information and belief, Defendant has placed the same calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this judicial district, subjecting Defendant to jurisdiction in the judicial district.

## PARTIES

12. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Cayce, South Carolina.

13. Defendant is a Florida corporation whose principal office is located at 5659 Rio Vista Dr. Clearwater, Florida 33760.

14. Defendant directs, markets, and provides its business activities throughout the State of Florida, including this judicial district, and throughout the United States.

15. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## LEGAL BASIS FOR THE CLAIMS

16. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

17. Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

18. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

19. Therefore, all pre-recorded telemarketing calls to residential lines and all prerecorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

20. As of October 16, 2013, unless the recipient has given prior express written consent,[2] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

   a. Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

   b. Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

   c. Prohibit solicitations to residences that use an artificial voice or a recording.

   d. Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

   e. Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number,

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

4

    a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

  f. Prohibit autodialed calls that engage two or more lines of a multi-line business.

  g. Prohibit unsolicited advertising faxes.

  h. Prohibit certain calls to members of the National Do Not Call Registry.

21. In 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

22. An entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

23. With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." In *the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id*. Thus, any second call placed to a wrong number violates the TCPA.

## GENERAL FACTUAL ALLEGATIONS

24. Defendant provides Medicare related health care plans to consumers throughout the country, including within this judicial district.

25. In Defendant's overzealous attempt to market its services, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls with an artificial or pre-recorded message without the prior express written consent of the call recipients.

26. Through this method, Defendant has invaded the personal privacy of Plaintiff and members of the Class.

27. Additionally, upon information and belief, based upon the number of lawsuits filed against Defendant for similar conduct, it has intentionally and repeatedly violated the TCPA.

## FACTUAL BACKGROUND AS TO PLAINTIFF

28. At all relevant times, Plaintiff was assigned, and was the owner of a cellular telephone number ending in 8161 (the "8161 Number").

29. Plaintiff is the sole user and/or subscriber of his Cell and is financially responsible for phone service to his Cell.

30. The 8161 Number is assigned to Plaintiff as his personal cellular telephone.

31. At no time prior to Defendant first initiating its call to Plaintiff did Plaintiff provide the 8161 Number to Defendant through any medium.

32. At no time did Plaintiff ever enter in a business relationship with Defendant.

33. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted for marketing purposes.

34. At no point in time did Plaintiff ever visit any of Defendant's websites and request to be contacted about its Medicare services. Plaintiff already has Medicare and Medicaid coverage, and has no reason to look for any insurance at all.

35. Starting on or about March 15, 2022, Defendant placed numerous unsolicited, pre-recorded phone call to the 8161 Number from telephone number 727-295-0700 used by Defendant.

36. Specifically, Defendant placed the following thirteen (13) pre-recorded phone calls to the 8161 Number from Defendant's 727-295-0700 with a pre-recorded message, as defined by 47 U.S.C. § 227(a)(1):

- March 15, 2022, at 10:49 a.m.
- March 15, 2022, at 4:50 p.m.
- March 16, 2022, at 3:39 p.m.
- March 17, 2022, at 3:19 p.m.
- March 18, 2022, at 4:18 p.m.
- April 14, 2022, at 1:41 p.m.
- April 15, 2022, at 10:45 a.m.
- April 18, 202, at 1:58 p.m.
- April 19, 2022, 11:59 a.m.
- April 20, 2022, at 11:40 a.m.
- April 21, 2022, at 11:34 a.m.
- April 21, 2022, at 6:33 p.m.; and,
- April 22, 2022, at 11:57 a.m.

37. Defendant also left Plaintiff three voicemails using a pre-recorded message, as defined by 47 U.S.C. § 227(a)(1) on March 17, 2022, at 3:20 p.m.; April 19, 2022, 12:00 p.m.; and April 22, 2022, at 11:59 a.m.

38. Each voicemail lasted exactly 26 seconds, and played in part, the following message: "to see if we can help you improve your Medicare coverage benefits and reduce your costs . . . to best assist you please call us toll free at (855) 214-3500 …"[3]

39. Due to the cadence and tone of the pre-recorded message, Plaintiff was able to discern that, at the outset of the call, there was not a live representative on the line and that Defendant was utilizing a pre-recorded message.

40. Upon information and belief, and based on the circumstances as described above, Defendant called Plaintiff using a pre-recorded message as prohibited by 47 U.S.C. § 227(b)(1).

41. When Plaintiff listened to the message at the outset of the call, Plaintiff was able to determine that it was a prerecorded message and that he was not speaking to a live representative.

42. It was evident to Plaintiff that the voice message he heard was pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (c) the tone, cadence and inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live individual on the line.

43. Plaintiff has previously received both pre-recorded voice messages and regular non-prerecorded voice messages, and can differentiate the characteristics and sounds of a prerecorded voice message in contrast to an ordinary voice message.

44. Based on the Plaintiff's own personal experience, the voice messages received from Defendant clearly sounded like a pre-recorded voice messages.

45. Upon information and belief, Defendant generates revenue from the sale of its Medicare services.

---

[3] Other consumers received similar unsolicited pre-recorded calls from Defendant concerning its Medicare benefits. *See, e.g.*, https://www.shouldianswer.com/phone-number/8552143500 (last visited Sept. 14, 2022).

46. Defendant's calls were not made for an emergency purpose or to collect on a debt owed to the United States of America pursuant to 47 U.S.C. § 227(b)(1)(B).

47. Plaintiff did not provide Defendant "prior express written consent" to receive telemarketing calls to his cellular telephone utilizing a pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

48. Plaintiff also did not provide regular "prior express consent" to receive any prerecorded call from Defendant.

49. The unwanted telephone calls Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

50. Upon information and belief, Defendant has called thousands of wireless telephone customers with pre-recorded messages to market its products and services without prior express written consent over the last few years.

51. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and the Class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice calls to cellular phones.

52. Defendant's unsolicited pre-recorded marketing calls caused Plaintiff actual harm, including invasion of their privacy, annoyance, intrusion on seclusion, and inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

53. Plaintiff brings this action pursuant to Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class, which is defined as follows:

> All persons within the United States who received any telephone call/s from Defendant, its employees and/or agents, for the purpose promoting Defendant's goods or services, to said person's cellular telephone made through the use of an artificial or prerecorded voice within the four years prior to the filing of this action.

54. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the several thousands, if not more.

55. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

56. Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their cellular telephones using an artificial and/or pre-recorded voice, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and Class.

57. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

    a. Common questions for the Class include, without limitation: Whether Defendant made phone calls to consumers using a prerecorded voice to any telephone number assigned to a cellular phone service;

    b. Whether Defendant obtained written consent to place the calls to consumers;

    c. Whether Defendant's conduct violated the TCPA;

    d. Whether Class members are entitled to treble damages based on knowing or willful conduct of Defendant;

    e. Whether Defendant and/or its agents should be enjoined from engaging in such conduct in the future.

58. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during several unwanted calls to with Plaintiff and the Class.

59. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

60. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

61. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

62. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

63. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

64. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

65. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

66. Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

67. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST COUNT
### NEGLIGENT VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

68. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

69. Defendant made unsolicited telephone calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and the Class members for the purpose of marketing products and/or services to Plaintiff and the Class.

70. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

71. Defendant made unsolicited and unauthorized calls to Plaintiff and Class members for the purpose of marketing products and/or services to those Plaintiff and the Class.

72. Defendant's conduct invaded Plaintiff's privacy protected by the TCPA.

73. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

74. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

75. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

76. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

77. Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice in violation of the TCPA.

78. Defendant willfully and/or knowingly allowed telemarketing calls to be placed to Plaintiff and Class members utilizing an artificial or pre-recorded voice. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members yet disregarded such information and placed illegal and unwanted solicitation calls.

79. Because Defendant knew or should have known that Plaintiff and Class Members never gave their prior express written consent to receive prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

80. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief against Defendant:

(a) An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel;

(b) On the First Count, an award of statutory damages of $500 for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B) and injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

(c) On the Second Count, an award trebling the statutory damages in the amount of $1,500 for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B); and injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

(d) Costs of suit;

(e) Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine;

(f) Pre-judgment and post-judgment interest on monetary relief; and

(g) All other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Dated: September 26, 2022

By: /s/ Ryan L. McBride, Eq.
Ryan L. McBride, Esq.
*Trial Counsel For Plaintiff and the Class*

Mohammad Kazerouni, Esq. (FL SBN 1034549)
**KAZEROUNI LAW GROUP, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: mike@kazlg.com

Ryan L. McBride, Esq. (FL SBN 1010101)
**KAZEROUNI LAW GROUP, APC**
301 E. Bethany Home Road, Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: ryan@kazlg.com

Jason A. Ibey, Esq. (*pro hac vice forthcoming*)
**KAZEROUNI LAW GROUP, APC**
321 N. Mall Drive, Suite R108
St. George, UT 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: jason@kazlg.com

*Counsel for Plaintiff and the Class*